UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. _____

CREMA FINA, INC.,
a Florida corporation,

    Plaintiff,

v.

NICHOLAS ALEXANDER; DIRECT INTERNATIONAL
WINE & SPIRITS OF FLORIDA, LLC D/B/A
MEXCOR DISTRIBUTORS OF FLORIDA,
A FOREIGN LIMITED LIABILITY COMPANY;
JOSE ESPADAFOR; LIAL DRINKS, S.L.;
MESK & CO.; EDUARDO MORALES;
PABLO PEREZ; RUTH PEREZ; and MAURO VARENA,

    Defendants.
_____

**NOTICE OF REMOVAL OF ACTION**
**PURSUANT TO 28 U.S.C. §§1331 and 1441**

Defendants, MESK & CO., RUTH PEREZ, and MAURO VARENA (collectively, "Defendants"), pursuant to 28 U.S.C. §§1331 and 1441, hereby file their Notice of Removal of this action from the Circuit Court of the 13th Judicial Circuit in and for Hillsborough County, Florida and state as follows:

**STATE COURT ACTION**

1. On January 29, 2024, Plaintiff, CREMA FINA, INC. ("Plaintiff"), filed its Complaint against Defendants, as well as other named defendants, in the Circuit Court of the 13th Judicial Circuit in and for Hillsborough County, Florida. The Complaint alleges claims for common law trade dress infringement, violations of

1

Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), common law unfair competition, and civil conspiracy. *See* the Complaint, attached hereto as Composite Exhibit A-1.

2. A copy of the Summons and Complaint was served on Defendant Ruth Perez on February 10, 2024. A copy of the Summons and Complaint was served on Defendants Mesk & Co. and Mauro Varena on February 15, 2024. *See* the Summons for Defendants, attached hereto as Composite Exhibit A-2. No affidavits of service have been filed for any defendants named in this action.

3. This action should be removed because this Court has original jurisdiction over this case pursuant to federal question jurisdiction, specifically, 28 U.S.C. §§1331, 1338 and 1441. 28 U.S.C. §1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1338 provides that: "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and <u>trademarks</u>" (emphasis added).

4. "A civil action filed in a state court may be removed [under 28 U.S.C.§1441] to federal court if the claim is one 'arising under' federal law." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). Removal is permitted of any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States. 28 U.S.C. § 1441(c)(1)(A).

5. "To determine whether a claim arises under federal law, a court should examine the well pleaded allegations of the complaint and ignore the potential defenses." *Id*. The fact that a state court has concurrent jurisdiction over a federal claim does not prevent removal based upon federal question. *Spencer v. South Fla. Water Management District,* 657 F. Supp. 66, 67 (S.D. Fla. 1986); *See also Willich v. Wells Fargo Bank, N.A.*, No. 12-CV-544-J-32JBT, 2012 U.S. Dist. LEXIS 204685, at *9 (M.D. Fla. Aug. 13, 2012).

6. Although Count I of Plaintiff's Complaint is entitled "Florida Common Law Trade Dress Infringement," this claim is founded on a claim or right arising under federal law, namely, Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a). Specifically, Plaintiff's Complaint contains the following allegations regarding <u>trade dress infringement</u> that arise under federal law, namely Section 43(a) of the Lanham Act:

> 60. Crema Fina's trade dress in the Product includes, but is not limited to, the **non-functional design** and **shape of the bottle, the color of the bottle, the fonts and colors used on the Product packaging**…
>
> 61. Crema Fina's trade dress in the Product is inherently distinctive or has acquired secondary meaning from **use in commerce** since 2011.
>
> 64. The features of the Crema Fina[] trade dress in the Product are **primarily non-functional** and protectable as the Product's trade dress…
>
> 65. Crema Fina's Product trade dress and Defendants' CDV copy-cat, replica product's trade dress [are] **confusing similar** to a normal and customary consumer of the two products.

Composite Exhibit A-1 at ¶¶ 60-61; 64-65. This language implicates a federal claim under Section 43(a) of Lanham Act, 15 U.S.C. §1125(a).

7. Moreover, Paragraph 20 of the Complaint alleges the Plaintiff owns a federal trademark registration for the CREMA FINA mark used in connection with its involved product, and Count I includes a demand for the following remedies found under the Lanham Act, 15 U.S.C. §§1116(a) and 1117(a): (a) injunctive relief enjoining Defendants from using the alleged "Product's infringing trade dress" on competing product; (b) compensatory damages; and (c) Defendants' profits. *See* Composite Exhibit A-1, ¶¶66 (a) through (e).

8. "Trade dress is a complex composite of features and the law of unfair competition in respect to trade dress requires that all of the features be considered together, not separately." *Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, 702 F.3d 1312, 1322 (11th Cir. Fla. 2012). Section 43(a) of the Lanham Act creates a federal cause of action for <u>unfair competition</u> by prohibiting the use in interstate commerce of any "word, term, name, symbol or device, . . . or any false designation of origin . . . which is likely to cause confusion . . . as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." 15 U.S.C. §1125(a). The Lanham Act was intended to make 'actionable the deceptive and misleading use of marks" and "to protect persons engaged in . . . commerce against unfair competition.' Section 43(a) 'prohibits a broader range of practices than does § 32,' which applies to registered marks but it is common ground that §43(a) protects qualifying unregistered trademarks and that the general principles qualifying a mark for registration under §2 of the Lanham Act are for the most part applicable in determining whether an unregistered mark is entitled to protection

under §43(a)." *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 767-768 (U.S. 1992) (internal citations omitted). To bring a successful trade dress infringement claim under Section 43(a) of the Lanham Act, a plaintiff must prove that (1) the defendant's product is confusingly similar to its product; (2) the similar features of the two products are primarily non-functional; and (3) the plaintiff's product is distinctive. *Miller's Ale House, Inc.*, 702 F.3d at 1322.

9. Plaintiff's Complaint contains allegations that arise under or implicate federal law, including Section 43(a) of the Lanham Act. Specifically, Count I (trade dress infringement) and Count III (unfair competition) are founded on a claim or right arising under the laws of the United States warranting removal. 28 U.S.C. § 1441(a); *E-Z Implements, Inc. v. Marv Haugen Enters., Inc.*, 25 F. Supp. 2d 1012 (D. Minn. 1998) (removal based on plaintiff's claim for trade dress infringement which invoked the Lanham Act, 15 U.S.C. § 1125(a)); *Ethex Corp. v. First Horizon Pharmaceutical Corp.*, 228 F. Supp. 2d 1048, 1050 (E.D. Mo. 2002) (removal based on plaintiff's claim for violations of Lanham Act); *Horizon Pharmaceutical Corp.*, 228 F. Supp.2d 1012, 1013-1014 (D. Minn. 1998) (removing Lanham Act claims).

10. Since federal question jurisdiction exists for Count I and Count III, the remaining state law counts (Count II for FDUTPA and Count IV for civil conspiracy) can be removed to this Court. If the Court determines that at least one claim in the original complaint is removable, then the entire action may be removed. 28 U.S.C. § 1441(c)(1)(A); *In re City of Mobile*, 75 F.3d 605, 607-608 (11th Cir. 1996) (no discretion to remand a case that included a properly removed federal claim);

*Thomas v. Admin. Comm. of Wal-Mart Stores, Inc., Assoc. Health and Welfare Plan*, 210 F. Supp.2d. 1296, 1301 (M.D. Fla. 2002); *Jones v. Garcia*, 936 F. Supp. 929, 929-931 (M.D. Fla. 1996).

### COMPLIANCE WITH PROCEDURAL REQUIREMENTS FOR REMOVAL

11.     Removal to this Court is proper because Plaintiff's Complaint was filed in the Circuit Court of the 13th Judicial Circuit, in and for Hillsborough County, Florida.  28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district court and division embracing the place where such action is pending." The United States District Court for the Middle District of Florida, Tampa Division is the judicial district and division embracing the place where Plaintiff's state court action was filed.

12.     Pursuant to 28 U.S.C. §1446(a), a true and correct copy of all process, pleadings, orders, and other papers served upon Defendants as of the date of this Notice of Removal are attached hereto as exhibits, along with other documents in the state court docket (civil cover sheet, request for issuances of summons, summonses issued).

13.     Removal to this Court is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is being filed within thirty days after receipt of the Summons and Complaint by each Defendant. No previous application for removal has been made.

14. Defendants' counsel has not filed a notice of appearance in the state court action and Defendants have not sought any relief in the state court action.

15. Because the removing Defendants were served at different times, and two later-served defendants (Defendant Mauro Varena and Mesk & Co.) are filing this Notice of Removal, any earlier-served defendant (including Defendant Ruth Perez who already consented) may consent to the removal even though earlier-served defendants did not initiate or consent to this removal. *See* 28 U.S.C. § 1446(c).

16. A copy of this Notice of Removal will be filed with the Clerk of the Court of the Circuit Court for the 13th Judicial Circuit, in and for Hillsborough County, Florida and served on Plaintiff as the adverse party as required by 28 U.S.C. § 1446(d).

17. In filing this removal, Defendants reserve all rights and defenses to Plaintiff's Complaint.

## CONCLUSION

WHEREFORE, Defendants, Mesk & Co., Ruth Perez, and Mauro Varena respectfully request that this case be removed from the Circuit Court for the 13th Judicial Circuit, in and for Hillsborough County, Florida to the United States District Court, Middle District of Florida, Tampa Division.

Dated: March 1, 2024                                Respectfully Submitted,

By:   /s/Oliver A. Ruiz
John Cyril Malloy, III
Florida Bar No. 964,220
jcmalloy@malloylaw.com
Oliver A. Ruiz
Florida Bar No. 524786

7

oruiz@malloylaw.com
Cleo I. Suero, Lead Counsel
Florida Bar No. 1024675
csuero@malloylaw.com
**MALLOY & MALLOY, P.L.**
2800 S.W. Third Avenue
Miami, Florida  33129
Telephone (305) 858-8000
Facsimile (305) 858-0008

*Counsel for Defendants,*
*Mesk & Co., Ruth Perez,*
*and Mauro Varena*

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

/s/Oliver A. Ruiz
Oliver A. Ruiz

## SERVICE LIST

Dean A. Kent
dkent@trenam.com
**TRENAM LAW**
Bank of America Plaza
101 East Kennedy Blvd., Suite 2700
Tampa, FL 33602
Telephone (813) 223-7474
Facsimile (813) 229-6553
*Counsel for Plaintiff*