UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 24-cv-00562-MSS-NHA

CREMA FINA, INC.,
a Florida corporation,

    Plaintiff,

v.

NICHOLAS ALEXANDER; DIRECT INTERNATIONAL
WINE & SPIRITS OF FLORIDA, LLC D/B/A
MEXCOR DISTRIBUTORS OF FLORIDA,
A FOREIGN LIMITED LIABILITY COMPANY;
JOSE ESPADAFOR; LIAL DRINKS, S.L.;
MESK & CO.; EDUARDO MORALES;
PABLO PEREZ; RUTH PEREZ; and MAURO VARENA,

    Defendants.
_____

**DEFENDANTS' MOTION FOR EXTENSION OF TIME
TO ANSWER THE COMPLAINT**

    Defendants, Mesk & Co., Ruth Perez, and Mauro Varena ("Defendants"), by and through undersigned counsel, hereby submit this Motion ("Motion") for a thirty (30) day extension of time to file an answer or otherwise respond to the Complaint. In support thereof, Defendants state as follows:

    1.    On March 1, 2024, Defendants filed their Notice of Removal of the case from the Circuit Court for Hillsborough County, Case No. 24-CS-000764. The Plaintiff's Complaint was filed in State Court on January 29, 2024.

    2.    Pursuant to Fed. R. Civ. P. 40 (c)(2)(C), Defendants' Answer to the

Complaint was due seven days after the Notice of Removal was filed, which was on Friday, March 8, 2024.

3.  The undersigned counsel for Defendants made a calculation error, believing that the response to the Complaint was due on Monday, March 11, 2024.

4.  On March 11, 2024, the undersigned counsel for Defendants spoke with counsel for Plaintiff regarding the matter, and counsel for Plaintiff confirmed that if Defendants needed to file a motion to file an answer out of time, Plaintiff was unopposed. Additionally, Plaintiff's counsel mentioned that if Defendants required additional time to answer or otherwise respond to the Complaint, Plaintiff would generally not be opposed. Though, Plaintiff's counsel has not yet confirmed in writing that Plaintiff is unopposed to a thirty-day extension of time.

5.  During the undersigned's call with Plaintiff's counsel, the proposition of an early settlement conference between all parties was raised.

6.  Given the possibility for an early settlement, Defendants seek an extension of time to answer or otherwise respond to the Complaint by thirty (30) days.

7.  Defendants should be afforded with the requested extension of time even though it is being made *after* Defendants' deadline has expired as Defendants failed to act because of "excusable neglect." Fed. R. Civ. P. 6(b). The Supreme Court has defined excusable neglect as including "inadvertence, mistake, or carelessness." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). The Court enumerated four factors to be used in determining excusable neglect: "the danger of prejudice to the [nonmovant], the length of the delay

and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395. It is an equitable determination, "taking account of all relevant circumstances surrounding the party's omission." *Id.*

8. As stated above, the undersigned counsel for Defendants mistook the deadline to answer the Complaint for Monday, March 11, 2024 (one business day after the actual deadline).

9. No party will be prejudiced by granting the relief sought herein as this case is still only in its inception. No scheduling order has been issued, no other named defendant has answered the Complaint either in federal or state court,[1] and no motion for default judgment has been filed. To be sure, in order "to establish prejudice, the delay must 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *Smith v. Conner*, No. 8:12-CV-52-T-30AEP, 2013 U.S. Dist. LEXIS 7248, at *4-5 (M.D. Fla. Jan. 17, 2013) (*citing* 10 C. Wright, A. Miller and M. Kane, Federal Practice and Procedure, § 2699 at 536-37 (2d ed. 1983). None of those factors are present here.

10. Rather, the requested extension would allow the parties to engage in early settlement negotiations before incurring the time and expense of answering or responding to the Complaint.

---

[1] To date, no affidavits of service have been filed for any defendants named in this action.

11. WHEREFORE, based upon the foregoing, Defendants respectfully request that the Court enter an order: (1) granting the instant motion; (2) extending Defendants' deadline to answer or respond to the Complaint to <u>April 7, 2024</u>; and (3) granting such other and further relief that the Court deems just and proper.

## LOCAL RULE 3.01(G) CERTIFICATION

On March 11, 2024, Defendants' counsel attempted to confer with Plaintiff's counsel in good faith both telephonically and through written correspondence regarding the instant Motion. However, Plaintiff's counsel was unavailable to confirm that Plaintiff is unopposed to the Motion before its filing.

Dated: March 11, 2024

Respectfully Submitted,

By: s/Cleo I. Suero
John Cyril Malloy, III
Florida Bar No. 964,220
jcmalloy@malloylaw.com
Oliver A. Ruiz
Florida Bar No. 524786
oruiz@malloylaw.com
Cleo I. Suero
Florida Bar No. 1024675
csuero@malloylaw.com
**MALLOY & MALLOY, P.L.**
2800 S.W. Third Avenue
Miami, Florida  33129
Telephone (305) 858-8000
Facsimile (305) 858-0008

*Counsel for Defendants,
Mesk & Co., Ruth Perez,
and Mauro Varena*

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

s/Cleo I. Suero
Cleo I. Suero

## SERVICE LIST

Dean A. Kent
dkent@trenam.com
**TRENAM LAW**
Bank of America Plaza
101 East Kennedy Blvd., Suite 2700
Tampa, FL 33602
Telephone (813) 223-7474
Facsimile (813) 229-6553

*Counsel for Plaintiff*